# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIAN HERNANDEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-782-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Julian Hernandez-Garcia appeals the within-guidelines sentence of 57 months in prison he received following his guilty plea conviction for illegal reentry. He maintains that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because his Kansas convictions for distribution of cocaine did not qualify as drug trafficking offenses for which he received an imposed sentence exceeding 13

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months.   Because Hernandez-Garcia raises this issue for the first time on appeal, we review for plain error.  *See United States v. Palacios-Quinonez*, 431 F.3d 471, 473 (5th Cir. 2005).   To prevail on plain error review, he must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).   If Hernandez-Garcia makes the required showing, we may exercise our discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Whether a Kansas judgment reflecting the imposition of a sentence of incarceration and the grant of a downward departure to a term of probation qualifies as an imposed sentence exceeding 13 months is a question that is subject to reasonable dispute.  *See id.*; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).   That question is reasonably debatable, so there can be no plain error.   *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78. Accordingly, the judgment of the district court is AFFIRMED.